IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIAM HAROLD GIDNEY, JR., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:06-CV-1134-P |
| ) | ECF |
| LITTLE FLOWER ADOPTIONS, ET AL., ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.  Parties:**

Plaintiff brings this complaint pursuant to 42 U.S.C. § 1983.  He is confined in a Florida state correctional facility and is proceeding pro se.  The Court has granted him leave to proceed *in forma pauperis*.  Defendants are Little Flower Adoptions; Kris Miller, Executive Director of Little Flowers Adoptions; David Cole, attorney for Little Flowers Adoptions; Holy Schreir, guardian ad litem; Jim Hamlin, Dallas County Clerk of Court; and Governor Rick Perry.

**II.  Statement of the Case:**

Plaintiff argues that Defendants Little Flowers Adoptions, Kris Miller, David Cole and Holly Schreir violated his civil rights by acting to terminate Plaintiff's parental rights and

**Findings and Conclusions of the
United States Magistrate Judge**          Page -1-

facilitate adoption of Plaintiff's child to another family.[1]  Plaintiff argues Defendant Jim Hamlin, failed to file motions submitted by Plaintiff and Plaintiff's mother, and that Defendant Hamlin concealed evidence and tampered with evidence.  Plaintiff claims that Governor Rick Perry ignored letters that Plaintiff and Plaintiff's mother sent regarding the termination of Plaintiff's parental rights and that Governor Perry did not assist Plaintiff in his state court litigation.

Plaintiff seeks monetary damages "in excess of $10,000,000.00" from each Defendant.

### III.  Preliminary Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A.  That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### IV.  Discussion

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a

---

[1] The state court decision is currently on appeal before the Texas Supreme Court. (Magistrate Judge's Questionnaire, Answer No. 1).

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -2-

deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970).

In this case, Plaintiff has failed to show that Defendants Little Flowers Adoptions, Kris Miller, David Cole and Holly Schreir acted under color of state law. Little Flowers Adoptions is a private adoption agency. Kris Miller is an employee of the agency. Further, Defendant David Cole was an attorney for Little Flowers Adoptions and Defendant Holly Schreir was a guardian ad litem for the child. It is well established, however, that neither appointed nor retained counsel acts under color of state law under § 1983. *See Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"). Plaintiff's claims against these Defendants should be dismissed.

Additionally, Plaintiff has failed to show that Governor Perry has violated his civil rights under § 1983. He has failed to show that Governor Perry violated federal law in not responding to Plaintiff's letters and/or in not assisting Plaintiff in his custody case. Plaintiff's claims against Defendant Perry should be dismissed.

Finally, Plaintiff alleges that in the state court proceedings, Defendant Hamlin tampered with evidence and pleadings, concealed evidence and failed to file Petitioner's motions. Taking Plaintiff's allegations as true, the Court is unable to determine at this point that Plaintiff's allegations are frivolous. The Court finds that Plaintiff's claims against Defendant Hamlin should proceed and process should be issued as to this Defendant.

## RECOMMENDATION

The Court recommends that: (1) Plaintiff's claims against Defendant Hamlin should be proceed and process should be issued as to this Defendant; (2) Plaintiff's claims against the remaining Defendants should be dismissed with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Signed this 14th day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on Plaintiff by mailing a copy to him by United States Mail.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a de novo determination by the District Court.  See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**Findings and Conclusions of the
United States Magistrate Judge**          Page -5-